

August 5, 2021

**VIA CM/ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St., Rm. 701
New York, NY 10007

      Re:    *Romero v. Zip Top, LLC*, 1:20-CV-10189-LJL

Dear Judge Liman,

Yesterday, Business Insider published the attached article, *A single law firm is behind hundreds of website accessibility cases. One client says they 'beefed up' her blindness to more than a dozen lawsuits.*

Frances Kalender accuses Stein Saks, PLLC of exaggerating, falsifying, soliciting, and training her as a website-accessibility plaintiff. More specifically, Ms. Kalender alleges:

- she saw a Facebook advertisement offering a free laptop to legally blind individuals;

- she received her free laptop at a Manhattan hotel where she was trained by two women on how to use a screen reader;

- she was given a list of websites to test while at the hotel;

- she was introduced to an attorney who one of the women said would help bring websites into compliance with the ADA;

- that attorney was Joseph Mizrahi;

- Mr. Mizrahi referred her to Yaakov Saks;

- she told Mr. Mizrahi and Mr. Saks that she had vision;

- two days after meeting Mr. Saks, he filed a lawsuit on her behalf;

- Ms. Kalender never saw the lawsuit that was filed;

- the lawsuit alleged that Ms. Kalender could not browse the internet without the aid of a screen reader which Mr. Mizrahi and Mr. Saks knew was untrue;

- the specific observations Ms. Kalender gave to Mr. Mizrahi and Mr. Saks about her visit to Southern Tide's website were not mentioned in the lawsuit;

- instead, the lawsuit listed numerous other complaints consistent with an ADA website-accessibility claim; and

- the lawsuit said she lived in Brooklyn, New York when she did not.

The lawsuit Ms. Kalender did not see, and that was filed on her behalf against Southern Tide, LLC, is nearly identical to the lawsuit Mr. Mizrahi filed on behalf of Mr. Romero against Zip Top, LLC in this case—not only in substance but also in form. And that is true for many—if not all—of the hundreds of website accessibility lawsuits filed by Mr. Mizrahi in the Southern District of New York.

These allegations raise serious concerns and, according to Professor Rebecca Roiphe at New York Law School (who is quoted in the article), the practice of altering facts to give a false impression is "extremely problematic." Professor Roiphe further said of Mr. Mizrahi and Mr. Saks' practice of distorting the facts regarding their clients' disabilities: "This doesn't seem like some peripheral fact—this is a key, important, perhaps the most important fact."

Mr. Mizrahi filed this lawsuit against Zip Top on December 3, 2020. It is one of 1,390 cases filed by Mr. Mizrahi, and one of 103 cases filed by Mr. Romero, in the Southern District of New York.

Ms. Kalender's claims, and Mr. Mizrahi's role in her lawsuits, raises serious issues that justice requires be addressed like, for example, the following:

- Did Mr. Mizrahi or someone working on his behalf solicit Mr. Romero?

- Did Mr. Mizrahi exaggerate or distort Mr. Romero's disability in this lawsuit?

- Does Mr. Romero live within the Southern District of New York?

- Did Mr. Romero review this lawsuit before it was filed by Mr. Mizrahi? Does he know and understand what he is alleging in it?

- Was Mr. Romero given a fee laptop and trained on how to use a screen reader in order to manufacture ADA lawsuits?

- What consideration was Mr. Romero given for each lawsuit filed?

These and many other questions were not issues prior to yesterday's exposé by Business Insider. They therefore could not have been addressed in discovery. And unfortunately, fact discovery ends today.

On behalf of Zip Top, I therefore request the following relief:

1. leave to designate Mr. Mizrahi as a fact witness;

2. leave to file a motion to disqualify Mr. Mizrahi pursuant to Rule 3.7 (Lawyer as Witness) under the New York Rules of Professional Conduct;

3. an extension of all deadlines in the Case Management Plan and Scheduling Order to permit a reasonable amount of time to reconsider actions necessary or desirable in light of the Business Insider article;

4. a reasonable continuance of the trial date; and

5. a protective order from all discovery propounded by Plaintiff until the motion to disqualify has been decided by the Court.

Lastly, I would be remiss if I did not advise the Court that (i) Zip Top did not receive notice or a demand before Mr. Romero filed this lawsuit; (ii) once Zip Top received the lawsuit, it immediately ameliorated the accessibility issues raised by Mr. Romero (which it would have done had it received pre-suit notice or demand), and (3) on three occasions the undersigned has asked Mr. Mizrahi if Mr. Romero would dismiss his lawsuit since the accessibility issues were quickly cured by Zip Top. The undersigned has received no response since the first request was made on February 12, 2021.

Thank you for your time and consideration.

Respectfully submitted,

/s/ Bradley B. Clark
Bradley B. Clark
TXBN 24040697

cc: **VIA CM/ECF**
Mr. Joseph Mizrahi
Cohen & Mizrahi LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
joseph@cml.legal