

Joseph Mizrahi – Attorney
300 Cadman Plaza W, 12th Floor
Brooklyn, NY 11201
P: 929-575-4175 | F: 929-575-4195
E: joseph@cml.legal | W: cml.legal

August 12, 2021

**VIA ECF**
The Honorable Lewis J. Liman
Southern District of New York
500 Pearl Street, New York, NY 10007

  Re: *Romero v. Zip Top, LLC*, Case No. 1:20-cv-10189 (LJL)

Dear Judge Liman:

  We represent plaintiff Josue Romero ("Plaintiff") in the above-referenced action and respectfully write pursuant to this Court's August 9, 2021 Order and in response to defendant Zip Top LLC's ("Defendant") letter dated August 5, 2021 requesting a motion to disqualify counsel and an extension of the discovery schedule. Defendant has not conducted a stitch of discovery in this action (*i.e.*, Plaintiff was never noticed to appear for a deposition, written discovery was never propounded by Defendant, *etc.*). It has not even yet responded to Plaintiff's written discovery requests. ***The fact discovery deadline has passed*** and Defendant now realizes (*post hac* and too late) that it has neither garnered enough evidence to survive a motion for summary judgment nor has it produced any evidence contradicting Plaintiff's proven ADA discrimination action.

  Instead of zealously litigating the present action, Defendant's counsel – on literally the last day of the discovery deadline – lobs a full-court shot with the unlikely hopes that some recent sensational, uncorroborated, inconsistent and inherently contradictory news article (about the work another law firm completed in an unrelated ADA case) can succeed in extending the discovery schedule and disqualify Plaintiff's counsel. This full-court shot simply does not have enough substance or legs to even reach the hoop and the Court should respectfully deny Defendant's requests for, *inter alia*, the following three reasons: (i) Defendant's issues regarding Mr. Romero in this action are completely fabricated and without basis; (ii) Defendant has squandered its available time by failing to propound/respond to any discovery requests; and (iii) Defendant's unsupported intimations are unfounded hearsay, which rely on scurrilous misinterpretations with no bearing on the facts of this case.

  Had Defendant propounded any discovery, it would have received answers to the questions raised in its counsel's August 5, 2021 letter. The letter contains the following questions, which for ease of clarity and to set the record straight, Plaintiff hereby responds to fully and accurately:

- Did Mr. Mizrahi or someone working on his behalf solicit Mr. Romero? **No, Mr. Romero was recommended to counsel by another visually impaired client.**
- Did Mr. Mizrahi exaggerate or distort Mr. Romero's disability in this lawsuit? **No, Mr. Romero is legally blind and requires the use of a screen reader to access the internet.**
- Does Mr. Romero live within the Southern District? **Yes, he lives in the Bronx**.



The Hon. Lewis J. Liman
August 12, 2021
Page 2

- Did Mr. Romero review this lawsuit before it was filed by Mr. Mizrahi? Does he know and understand what he is alleging in it? **Yes, Mr. Romero visited Defendant's website and encountered technical access barriers, the ones listed in the Complaint. He informed counsel, who drafted an accurate initial complaint alleging the barriers Romero faced. Romero approved the Complaint before filing.**
- Was Mr. Romero given a f[r]ee laptop and trained on how to use a screen reader to manufacture ADA lawsuits? **No, Mr. Romero had already owned a computer and screen reader for his personal use prior to retaining counsel.**
- What consideration was Mr. Romero given for each lawsuit filed? **Mr. Romero received no "consideration" for filing Lawsuits. In other cases that were settled, he received his share of recovery in accordance with the relevant retainer agreement and counsel receives its share to cover legal fees and costs.** *See* Romero's Declaration, enclosed herewith as Exhibit A; *see also* Romero's Verification of Legal Blindness dated July 11, 2017, issued by the New York State Commission for the Blind, enclosed herewith as Exhibit B; *see also* a redacted copy of Mr. Romero's New York State issued ID card, which lists his address in the Bronx, enclosed herewith as Exhibit C.

Likewise, Defendant's requested relief should be denied. Mr. Mizrahi should not be designated as a fact witness or disqualified because there is no evidence Mr. Mizrahi has direct knowledge of the events alleged in the Complaint. And Mr. Mizrahi certainly should not be disqualified under Rule 3.7 of the New York Rules of Professional Conduct as a "necessary witness." Based on an article about a different case involving a different plaintiff and a different trial counsel, Defendant seeks to inquire into Mr. Romero's lawyer-client relationship. Rule 3.7 applies only if a trial advocate is a "necessary witness," which Mr. Mizrahi has not been shown to be and could not conceivably be. Even if he might otherwise have necessary testimony to give, there is an exception to the advocate-witness rule where "the testimony relates solely to the nature and value of legal services rendered on the matter." *Davidoff Hutcher & Citron LLP v. DiPeitro*, 20-cv-8752 (LJL), 2021 U.S. Dist. LEXIS 381, at *2 (Jan. 4, 2021). Indeed, no disqualification should occur until it is apparent the attorney's testimony is itself admissible and necessary because disqualification is highly prejudicial to the non-movant. *See Bacote v. Riverbay Corp.*, 16 Civ 1599 (GHW) (AJP), 2017 U.S. Dist. LEXIS 35098, at *19 (S.D.N.Y March 10, 2017) (citations omitted). Defendant here has not established why Mr. Mizrahi would have information regarding the substantive facts of this case because Defendant has taken no discovery of Plaintiff at all.[1] As such, Defendant's request for an extension of deadlines, a continuance of the trial date, and a protective order are also inappropriate, both because there is no factual basis that Mr. Mizrahi is a fact witness and because Defense counsel was abjectly derelict in pursuing discovery.

---

[1] Courts also have discretion to deny leave where a motion is made after an inordinate delay, where no satisfactory explanation is offered for delay, or where the belated motion will unduly delay the course of proceeding by introducing new issues for discovery. *See A.V. by Versace, Inc., v. Gianni Versace, S.P.A.*, 160 F. Supp. 2d 657, 669 (S.D.N.Y. 2001).



The Hon. Lewis J. Liman
August 12, 2021
Page 3

Aside from its discovery derelictions, Defense counsel <u>even failed to appear at the Court ordered initial pretrial conference held on February 16, 2021</u>, further delaying this case. *See* Docket No. 10. The conference was rescheduled for April 7, 2021. On April 1, 2021, Plaintiff's counsel shared with Defendant's counsel a copy of the case management plan to confirm it was agreeable for filing. Only on the date of the conference, and only after the plan was already filed, did Defendant's counsel respond approving the plan.

Per this Court's orders, all fact discovery was to be completed by August 5, 2021. *See* Docket No. 17. To date, Plaintiff's counsel received no discovery responses to the discovery he propounded. Defense counsel continually attempts to delay this case so it can one day take the discovery it blithely neglected. It would be prejudicial and unfair to allow this Defendant to demand and produce nothing, only to request the opportunity to rectify this on the day of the deadline under cover of an uncorroborated news article impugning opposing counsel.

As to the *Insider* news article that Defendant cites, and to put it in the proper context, news articles inherently contain unsworn hearsay and have no evidentiary value. *See Chevron Corp. v. Donziger*, 325 F. Supp. 3d 371, 390 (S.D.N.Y. 2018); *see also Green v. Borg-Warner Protective Servs. Corp.*, 95 Civ. 10419 (RPP), 1998 U.S. Dist. LEXIS 292, at *12, n.11 (S.D.N.Y. Jan. 15, 1998) ("[C]ounsel should be aware that news articles are of no evidentiary value to courts and that only on television shows or in newspapers are news articles cited as evidence.")

Moreover, the *Insider* journalist relied entirely on assertions proffered by Ms. Kalender ***a full year and a half*** after she executed the retainer agreement with Cohen & Mizrahi. Ms. Kalender's recollections are therefore riddled with whimsical, and inherent contradictions (I am legally blind; I use a screen reader but do not need one; I do not approve of my attorney's performance, yet I would retain them again in the future).

As mentioned *supra*, the news article is not evidence and carries no weight on this litigation. Thus, Defendant's letter which relies exclusively on the news article is similarly meritless. Notwithstanding, in the event the Court believes Defendant's letter may be probative and would benefit from an evidentiary showing from Plaintiff's counsel, Mr. Mizrahi is prepared to provide, in camera and under seal, of a copy of Ms. Kalender's executed retainer agreement, which belies the allegations in the news article. At that point, Plaintiff's counsel assumes it would be permitted to disclose this otherwise-confidential document under New York Rule of Professional Conduct 1.6(b)(5)(i), to defend against an accusation of wrongful conduct. *See also Oorah, Inc. v. Kane Kessler, P.C.*, 17 Civ. 7175 (PAE), 20 U.S. Dist. LEXIS 127419 (S.D.N.Y. July 20, 2020).

It is important to reiterate that Ms. Kalender's cases were unlike this one and litigated by a different law firm (although Mr. Mizrahi served as co-counsel). *See Amalfitno v. Rosenberg*, 04 Civ. 2027 (NRB), 2005 U.S. Dist. LEXIS 17700, at *8-*9 (S.D.N.Y. Aug. 19, 2005). To the extent the article, a piece of unsworn hearsay, can be relied on at all, it has no relevance to this case. Nor is there a connection between Ms. Kalender and the parties in this action. Like the actions of the



The Hon. Lewis J. Liman
August 12, 2021
Page 4

Insider reporter,[2] Defendant is cynically maneuvering to tie the two firms together, tarnish Mr. Mizrahi's strong reputation and bog this case down in a frivolous fishing expedition.[3]

      For the above stated reasons, Defendant's requests for a fishing expedition, adjournment of the discovery schedule and (procedurally improper) motion to disqualify Plaintiff's counsel should be denied, and the case should proceed to expert discovery.

                                  Respectfully submitted,
                                  */s/ Joseph H. Mizrahi*
                                  Joseph H. Mizrahi

cc:      All Counsel of Record (via ECF)

---

[2] Mr. Newsham selectively quoted Mr. Mizrahi's written statement, which started by explaining that "Stein Saks, PLLC were the lead attorney of record…" in all of the Kalender actions.

[3] Finally, Defendant's parting legal contentions are categorically wrong: (i) Notice is only required under the ADA when the theory of the action asserts a failure to make a reasonable accommodation, as opposed to theories of intentional discrimination or disparate impact (where notice is required). *Compare, Jones v. Thomas*, 20-cv-5581 (LLS), 2020 U.S. Dist. LEXIS 156016, at *7 (S.D.N.Y. Aug. 27, 2020) with *Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438 (S.D.N.Y. 2018) (finding plaintiff had adequately pleaded Defendant discriminated against her by detailing technical barriers on the website without any evidence of notice); and (ii) merely stating that a website has been remediated does not moot a case. Where noncompliance can result from an easily changeable policy, a court cannot simply say that a defendant has made an affirmative showing that the continuing of their alleged ADA violations is nearly impossible. *See De La Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 201 (S.D.N.Y. 2016). Here, Plaintiff's expert corroborated later on that the same barriers Plaintiff encountered do in fact remain.