UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSUE ROMERO, on behalf of himself and all other persons similarly situated,

    Plaintiffs,

v.

ZIP TOP, LLC,

    Defendant.

No.: 1:20-CV-10189-LJL

# STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1 plaintiff Josue Romero ("Plaintiff") submits this Statement of Undisputed Material Facts in Support of his Motion for Summary Judgment.

*Defendant Has Admitted Each of Plaintiff's Requests for Admission*

1. Pursuant to the Court's Case Management Plan and Scheduling Order (Dkt. No. 17, at p.3), Plaintiff served his First Request for Admission on Defendant Zip Top LLC ("Defendant") on July 19, 2021 ("RFAs"). Declaration of William Downes ("Downes Decl.") at ¶2.

2. As of the filing of Plaintiff's Motion for Summary Judgment, Defendant has provided no response, whatsoever, to Plaintiff's RFAs (Downes Decl. at ¶3) and thus, pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, admits the truth of all such RFAs.

*Plaintiff*

3. Plaintiff lives within the Southern District of New York. Declaration of Josue Romero ("Romero Decl.") at ¶3.

4. Plaintiff is completely blind and, in 2017, received a verification of Legal Blindness from the New York State Commission for the Blind. Romero Decl. at ¶1.

5. For years, Plaintiff has had a computer with screen reading software installed for browsing the Internet. Romero Decl. at ¶5.

*Defendant's Website*

6. Before he filed this lawsuit on December 3, 2020 (Dkt. No. 1), Plaintiff visited the website www.ziptop.com ("Website"). Romero Decl. at ¶4.

7. Defendant Zip Top LLC ("Defendant") owns and operates the Website. Exhibit ("Ex.") A to Downes Decl. at RFA No. 1; Downes Decl. ¶2.

8. Defendant's Website allows access to its goods and services to consumers throughout the United States, including New York. Ex. A, at RFA No. 2; Romero Decl. at ¶4.

9. When Plaintiff visited Defendant's Website, he was unable to complete a purchase there due to technical errors that blocked access to his screen reading software. Romero Decl. at ¶4.

10. Defendant admits that its Website is inaccessible to visually-impaired persons. Ex. A, at RFA No. 9.

11. A search of Defendant's Website, performed by forensic computer expert Robert D. Moody before this lawsuit was filed, confirmed that Defendant's Website contained a number of issues that act as barriers to individuals with low to no vision. Declaration of Robert D. Moody ("Moody Decl.") at ¶¶1, 6, 8.

12. These barriers included the fact that elements of the Website, including text that describes the product or purpose of the Website, were not labeled to integrate with screen reading software. Moody Decl. at ¶8d.

13. As a result of the above-described lack of labeling, individuals using screen reading software lose out on information that a person with normal vision can see and read for themselves. Moody Decl. at ¶8d.

14. The barriers on Defendant's Website also included the fact that color options of products listed for sale on the Website were not accessible to those using screen reading software, so that someone using such software would mistakenly believe that the products only came in one color. Moody Decl. at ¶8b;

15. The barriers on Defendant's Website also included the fact that elements such as the "Contact Us" feature was not labeled—and only appeared as an email address—so that someone using screen reading software would not know the department to which the email address corresponds. Moody Decl. at ¶8c.

16. The barriers on Defendant's Website also included the fact that the feature on the Website that was designed to take users back to the Website's homepage was not labeled and did not work properly with screen reading software—so that the feature was effectively hidden from individuals using such software. Moody Decl. at ¶8a.

17. Defendant admits that, during the pendency of this lawsuit, the Website continued to have a number of barriers to accessibility. In particular, Defendant admits:

17a. Both as of the date this lawsuit was filed on December 3, 2020 (Dkt. No. 1) and as of July 2021 (when Plaintiff served his RFAs on Defendant), Defendant's Website was not WCAG 2.1 compatible. Ex. A at RFA Nos. 3, 4;

17b.     As recently as July 2021, Defendant's Website lacked "alt text", a label element, and attribute fields. Ex. A, at RFA Nos. 5, 6; and

17c.     As recently as July 2021, Defendant's Website coding contained duplicate title elements and hyperlinks to empty or non-existent webpages. Ex. A, at RFA No. 7.

18.     Defendant admits that, despite being served with this lawsuit, Defendant still has no corporate policy regarding the operation and maintenance of its Website in a reasonably accessible manner for visually impaired persons. Ex. A, at RFA No. 10.

19.     Defendant admits it has no plans to make its Website equally accessible to blind or other visually impaired persons in the future. Ex. A, at RFA No. 12.

20.     Defendant admits that it modifies features of its website on a daily, or evenly hourly, basis. Ex. A, at RFA No. 11.

21.     Defendant admits that, at least as recently as July 2021, it had invested sums in the development and maintenance of the Website that were much greater than the cost of making the Website equally accessible to blind and other visually impaired persons. Ex. A, at RFA No. 13.

22.     Defendant admits that, at least as recently as July 2021, it had generated significant revenues from the Website that were much greater than the cost of making the Website equally accessible to blind and other visually impaired persons. Ex. A, at RFA No. 14.

23.     Defendant has still not remedied the barriers its Website presents to the visually disabled.

24.     As recently as October 7, 2021 (i.e. just days before the filing of the instant motion), Defendant's Website continued to suffer from various defects that "can and will continue to create problems for visually disabled persons, such as the Plaintiff and these defects act as a barrier to

the effective use and enjoyment of the site for persons with low to no vision." October 7, 2021 Declaration of Robert D. Moody ("Supp. Moody Decl.") at ¶¶7, 14.

25. These problems described in the paragraph immediately above include:

25a. Website text which is not labeled to integrate with screen reading software such that a visually impaired user cannot find out information concerning a product's price, dimensions, features, or other information. Moody Supp. Decl. at ¶¶8b, 8c;

25b. Integration issues which add products to a user's cart without informing the user of such additions, which can cause a visually impaired user to unknowingly more products than desired. Moody Supp. Decl. at ¶8d;

25c. Integration issues that prevent a visually impaired user from reviewing key information regarding items in his or her cart—such as the product's prices and subtotals Moody Supp. Decl. at ¶8e; and

25d. Integration issues which disguise promotional information, such as free shipping on products listed for sale, from visually impaired users. Moody Supp. Decl. ¶8a.

Dated: October 12, 2021

**COHEN & MIZRAHI LLP**

By: */s/ William Downes*
William Jacob Downes
Cohen & Mizrahi LLP
300 Cadman Plaza W, 12th Floor
Brooklyn, New York 11201
Tel: 929-575-4175
Fax: 929-575-4195
Email: wdownes@cmlattorneys.com

*Attorneys for Plaintiff*